UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| ERIC GOSSER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 06-12-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| PULASKI COUNTY DETENTION | ) | **MEMORANDUM OPINION** |
| CENTER, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** *** ***

Plaintiff Eric Gosser ("Gosser") is an inmate confined in the Pulaski County Detention

Center in Somerset, Kentucky ("P.C.D.C."). Proceeding *pro se*, he has submitted a civil rights

complaint pursuant to 42 U.S.C. §1983. [Record Nos. 1, 3] The Court screens such complaints

pursuant to 28 U.S.C. §1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir.

1997). In addition, because this is a *pro se* petition, it is held to less stringent standards than

those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S.

519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of

the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C.

§1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the

action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

**BACKGROUND**

Gosser alleges that on December 9, 2005, he was on work release from P.C.D.C. working

for Pulaski County Solid Waste. During a break for lunch at a restaurant, he and work

supervisor Eddie Ping "began to horseplay." Gosser alleges that Ping "became furious and struck the plaintiff in the face with his hand." It is not clear from the complaint whether Ping is employed by P.C.D.C., Pulaski County, or Pulaski County Solid Waste.

Gosser states that he reported the incident to P.C.D.C. that same day, although he offers contradictory indications regarding whether this was done verbally or in writing. On December 12, 2005, Gosser indicates he told Major Jimmy Wilson of the incident and, at Wilson's request, wrote and filed a detailed grievance regarding the incident. Gosser states that he has not received any response to this grievance. He further indicates that he was placed on lockdown status on December 16, 2005, and alleges that this was done in retaliation for his having filed the grievance.

Gosser has named Eddie Ping, Pulaski County, and the Pulaski County Detention Center as Defendants, claiming they violated his rights under the Eighth and Fourteenth Amendments to the Constitution of the United States. He seeks $500,000 in monetary damages. In a subsequent motion to amend his complaint [Record No. 7], Gosser indicated that he intended to sue each of the named Defendants in both their individual and official capacities. The Court also concludes, based upon language in Gosser's motion, that he intended to name jailer Mike Harris – not P.C.D.C. – as the third Defendant in this action. The Court also notes that it is unclear from Gosser's complaint whether he intends to assert a civil rights claim arising out of Ping's striking him, his placement in lockdown status, or both. Gosser has not indicated whether he subsequently filed a grievance challenging his placement in lockdown status.

**DISCUSSION**

-2-

In a Deficiency Order dated January 18, 2006 [Record No. 2], the Court directed Gosser to file a new complaint form specifying his claims and to file a supplied Form 118 describing the steps he took to exhaust his administrative remedies with respect to the claims presented. Gosser has filed the new complaint form [Record No. 3] and the completed exhaustion form [Record No. 6], in which he indicates that he filed a written grievance on December 12, 2005.

As an initial matter, the Court notes that it is unclear whether Gosser intends to assert a separate claim arising out of the alleged retaliation by placing him in lockdown status. Gosser will be directed to file a supplement into the record clarifying the claims he wishes to present in this action. Gosser's filing must also clarify whether Defendant Ping is employed by P.C.D.C., Pulaski County, or Pulaski County Solid Waste.

Further, a prisoner seeking to challenge prison conditions pursuant to 42 U.S.C. §1983, *Bivens*, or other federal law must exhaust all available administrative remedies before filing suit in federal court. 42 U.S.C. §1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Wyatt v. Leonard*, 193 F.3d 876, 877-78 (6th Cir. 1999). The prisoner bears the burden of demonstrating that he has exhausted his administrative remedies. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). To meet this burden the prisoner must plead his claims, explain with specificity the steps undertaken to utilize available administrative remedies, and attach to the complaint copies of the agency's final decision addressing his grievance. If the prisoner demonstrates that he cannot obtain copies of the agency's final decision, he or she must describe with specificity the steps taken to utilize the administrative appeal mechanism and its outcome. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).

The Court is unable to determine from the record before it whether Gosser has exhausted his administrative remedies by pursuing P.C.D.C.'s grievance procedure to conclusion.  In particular, Gosser has not provided the Court with a copy of his December 9 or December 12, 2005 written grievance(s), or P.C.D.C.'s response, if any.  In addition, Gosser has not provided the Court with a copy of P.C.D.C.'s grievance policy.  Because exhaustion of administrative remedies is a mandatory prerequisite to maintaining a civil rights action in these circumstances, in order for the Court to make this preliminary determination, Gosser must provide the Court with any and all documents showing exhaustion of the grievance process for each of the claims he wishes to assert in this action.

Accordingly, it is hereby **ORDERED** as follows:

(1)     Plaintiff is directed to file with the Court, within twenty (20) days from the entry of this Order, either an amended complaint or other document which clarifies or explains the claims he wishes to present in this action.  Gosser's filing must also clarify whether defendant Ping is employed by P.C.D.C., Pulaski County, or Pulaski County Solid Waste.

(2)     Plaintiff is hereby further directed to file with the Court, within twenty (20) days from the entry of this Order, copies of the grievance he filed with P.C.D.C. and any response thereto, a copy of P.C.D.C.'s grievance policy, and any other documents relating to the Plaintiff's grievance.  If the Plaintiff asserts that he cannot obtain copies of any of the above documents, he must demonstrate why those documents are unavailable, specifically describe the steps he took to use the grievance mechanism, and explain the outcome.

-5-

(3)      The Plaintiff is also hereby on notice that if he does not file the documents required above within the twenty (20) days from the date of entry of this Order, then this Court may dismiss the action for failure to demonstrate exhaustion of administrative remedies.  42 U.S.C. §1997e(a); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 119 S. Ct. 88 (1998).

(4)      Upon the filing of all documents indicated herein or, alternatively, upon the expiration of thirty (30) days from the date of entry of this Order, the Clerk of this Court is hereby directed to notify the Pro Se Office.

This 14th day of April, 2006.

Signed By:

Danny C. Reeves   DCR

United States District Judge