NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| ERIC GOSSER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 06-12-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| PULASKI COUNTY DETENTION | ) | **MEMORANDUM OPINION** |
| CENTER, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*     \*\*\*     \*\*\*     \*\*\*     \*\*\*

Plaintiff, Eric Gosser ("Gosser") is currently confined at the Pulaski County Detention Center in Somerset, Kentucky ("P.C.D.C."). Proceeding *pro se*, he has filed a civil rights complaint pursuant to 42 U.S.C. §1983. [Record Nos. 1, 3] The Court screens such complaints pursuant to 28 U.S.C. §1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

207027a14b08a75a

**BACKGROUND**

Gosser alleges that on December 9, 2005, he was on work release from P.C.D.C. working for Pulaski County Solid Waste. During a lunch break at a restaurant, he "began to horseplay" with Eddie Ping, his supervisor from Pulaski County Solid Waste. Gosser alleges that Ping "became furious and struck the plaintiff in the face with his hand." Gosser states that he reported the incident to P.C.D.C. that same day.

On December 12, 2005, Gosser indicates that he told Major Jimmy Wilson of the incident and, at Wilson's request, wrote a short memorandum documenting the matter. Gosser states that he has not received any response to his grievance. He further indicates that Jailer Mike Harris ordered that Gosser be placed in lockdown status on December 16, 2005. Gosser claims that this was done in retaliation for his having filed the grievance. He states that he remained in lockdown status for 21 days (until January 5, 2006).

Gosser has named Eddie Ping, Pulaski County, and the Pulaski County Detention Center as Defendants, claiming that they violated his rights under the Eighth and Fourteenth Amendments to the Constitution of the United States. He seeks $500,000 in damages in this action. The Court subsequently concluded that, based upon language in Gosser's motion, he intended to name jailer Mike Harris in his individual and official capacities, not P.C.D.C., as a Defendant in this action. With the Court's permission, Gosser subsequently amended his Complaint to clarify that he is suing Ping and Harris in their individual and official capacities. [Record Nos. 7, 9] By prior Memorandum Opinion and Order, the Court requested that Gosser

clarify whether he asserts a civil rights claim arising out of Ping's striking him, his placement

in lockdown status, or both.

Gosser has filed an amended complaint in which he makes clear that he is asserting

separate claims arising out of Ping's striking him and for Harris' alleged retaliation. [Record

Nos. 10, 11]  Gosser has also offered further explanation regarding his efforts to exhaust his

administrative remedies through the jail's grievance process.

### DISCUSSION

As an initial matter, the Court notes that a prisoner seeking to challenge prison conditions

pursuant to 42 U.S.C. §1983, *Bivens*, or other federal law must exhaust all available

administrative remedies before filing suit in federal court.  42 U.S.C. §1997e(a); *Porter v.*

*Nussle*, 534 U.S. 516, 532 (2002); *Wyatt v. Leonard*, 193 F.3d 876, 877-78 (6th Cir. 1999).

Further, the prisoner bears the burden of demonstrating that he has exhausted his administrative

remedies.  *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998).  To meet this burden, the

prisoner must plead his claims, explain with specificity the steps undertaken to utilize available

administrative remedies, and attach copies of the agency's final decision addressing his

grievance.  If the prisoner demonstrates that he cannot obtain copies of the agency's final

decision, he or she must describe with specificity the steps taken to utilize the administrative

appeal mechanism and its outcome.  *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.

2000).

In this Court's prior Memorandum Opinion and Order, Gosser was directed to provide

further documentation to satisfy his obligation of demonstrating exhaustion of his administrative

remedies through P.C.D.C.'s grievance procedure.  In his amended Complaint, Gosser has attached the December 12, 2005, memorandum regarding Ping's conduct that he provided to Jailer Mike Harris at his request.  However, he asserts that the jail has refused to provide him with a copy of his December 9, 2005 grievance form.  Gosser further indicates that he did not file a grievance with respect to Harris' alleged retaliation against him out of fear of further retaliation.  Finally, Gosser alleges that the jail has a de facto policy of not responding to inmate grievances.

With respect to his claim regarding Ping's conduct, the Court will accept at face value Gosser's assertion that the jail will not provide him with a copy of his December 9, 2005 grievance form.  Under such circumstances, the Court finds Gosser has satisfied the requirements of *Knuckles-El* – at least at this preliminary juncture.  With respect to Gosser's claim of retaliation, the Prison Litigation Reform Act requires exhaustion even where the plaintiff alleges that the defendants have filed false disciplinary charges against him or retaliated against him for his complaints or filing suit.  *Lawrence v. Goord*, 304 F.3d 198, 200 (2nd Cir. 2002); *White v. Fauver*, 19 F.Supp.2d 305, 314-16 (D.N.J. 1998).  Because the requirements of Section 1997e are mandatory, Gosser's failure to invoke the adminstrative remedy process on his retaliation claim renders that claim unexhausted.  In summary, Gosser's complaint includes an exhausted claim and an unexhausted claim.

Ordinarily, under the facts presented, the complaint would be dismissed without prejudice to provide the prisoner with an opportunity to exhaust the unexhausted claim before filing suit. *Jones Bey v. Johnson*, 407 F.3d 801, 806, 809 (6th Cir. 2005) (all claims in civil rights complaint

must be exhausted); accord *Kozohorsky v. Harmon*, 332 F.3d 1141 (8th Cir. 2003); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). However, even if Gosser had exhausted his administrative remedies on both claims, they would be insufficient to establish a violation of his rights under the Eighth or Fourteenth Amendments to the Constitution of the United States and would therefore be dismissed with prejudice.

With respect to the allegation that Ping slapped him during a lunch break, the Fourteenth Amendment protects a pretrial detainee's substantive due process rights prior to conviction. Upon conviction, the Eighth Amendment is the exclusive basis of the inmate's right to be free from cruel and unusual punishment, although the scope of protection is essentially the same. *Pelfrey v. Chambers*, 43 F.3d 1034, 1036-37 (6th Cir. 1995). Generally speaking, prison conditions violate the Constitution only if they "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). An allegation involving only minor contact is patently insufficient to state an Eighth Amendment claim, because it does not rise to the level of the "extreme deprivation" required to satisfy the objective component of an Eighth Amendment conditions-of-confinement claim. *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001); *Hudson v. McMillian*, 503 U.S. 1, 8-10 (1992) ("[not] every malevolent touch by a prison guard gives rise to a federal cause of action.").

With respect to Gosser's claim regarding placement in "lock-down" status, Gosser has failed to state a cognizable claim because an inmate's freedom from segregation is not a constitutionally-protected liberty interest under the Due Process Clause. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983). Likewise, Gosser's complaint that the jail failed to follow its procedures

in processing his grievance does not state a cognizable claim because reclassification to administrative segregation does not implicate a liberty interest. *Rimmer-Bey v. Brown*, 62 F.3d 789, 790 (6th Cir. 1995); *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Gosser's fifteen-day stay in lock-down is simply not a "restraint which imposed an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Rimmer-Bey*, 62 F.3d at 790-91. Therefore, Gosser's claims will be dismissed, with prejudice. It would be a waste of judicial and other resources to dismiss this action without prejudice only to allow Gosser's unexhausted claim to be exhausted but then dismissed upon refiling based on the Plaintiff's failure to state a claim upon which relief may be granted.

### CONCLUSION

The Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1)    This action is **DISMISSED**, *sua sponte*, with prejudice.

(2)    This is a **FINAL** and **APPEALABLE** Order.

(3)    The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This 31st day of May, 2006.



Signed By:
Danny C. Reeves   DCR
United States District Judge